## DAY *v.* GIBBS ET AL.

[78 South. 609, Division B.]

1. MORTGAGES. *Foreclosure. Res judicata. Action on note.*

Where a corporation brings a suit for the foreclosure of a deed of trust, a decree in such case is not *res judicata* of an action by an individual on the notes secured by such trust deed.

2. VENDOR AND PURCHASER. *Lien notes. Suit. Parties.*

A suit can be brought in equity on a vendor's lien note by one in his own name who is subrogated to the rights of the payee, without written assignment and in such case the payee need not be made plaintiff in the suit.

APPEAL from the chancery court of Newton county. HON. G. C. TANN, Chancellor.

Suit by R. H. Day against H. E. Gibbs and others. From an adverse judgment, complainant appeals.

The facts are fully stated in the opinion of the court.

*D. M. Anderson,* for appellant.

Under the pleadings here there can be no sort of doubt that appellant is entitled to the relief prayed for in his bill if the matter is not *res adjudicata* as contended for in the answer of appellant's bill. It is averred in the answer to the original bill herein that complainant states the same cause of action in the bill as was adjudicated in the case of *R. H. Company* v. *Henry Gibbs,* Number 1473, now on file in the chancery clerk's office. Now it has been said that the "simplest test as to whether it is the same cause of action is whether the cause of action has been merged in the former judgment." In order to make a matter *res adjudicata* there must be a concurrence of the four conditions following: 1. Identity of the thing sued for. Bouvier's Law Dictionary, subject *Res Adjudicata;* 5 M. & W. 109; *Bull* v. *Hopkins,* 7 Johns. (N. Y.) 22. 2. Identity of the cause of action. *Hopkins* v. *Lee* 6 Wheat. (U. S.), 109, 17 Mass. 237; 8 Conn. 268; 20 Am. Dec. 110, 16 Am. Dec. 573. 3. Identity of persons and parties to the action. 83 Va. 862, 3 S. E. 864; 50 Kan. 342, 31 Pac. 1089. 4. Identity of the quality of the persons for or against whom the claim is made.

I respectfully submit to the court that when the testimony of this cause is measured by the above conditions which are essential, it falls far short of making out a case that will estop appellant from proceeding with this cause.

This is a suit brought for the purpose of having a lien declared by the court against the land described

in the bill. The other cause, cause number 1473, was a proceeding to foreclose a deed of trust or mortgage executed by one of the appellees, Halsey, to appellant. The former suit was brought by the R. H. Day Company, a corporation, while the complainant in the present cause was the individual, R. H. Day. In fact there is nothing in the whole record that would justify the conclusion that there is either an identity of parties or an identity of subject-matter of litigation. There is nothing to indicate from the record that the facts in the present cause would have supported the allegations in the pleadings of the former cause and *vice versa*. In the case of *Russel* v. *Place,* 94 U. S. 606, 24 L. Ed. 214, the court used the following language: "In order that the judgment in a former case may be conclusive in a second suit between the parties, it must be shown either by the record or by extrinsic evidence that the same question was necessarily raised and determined in the former suit. If there be any uncertainty on this head on the record the whole subject-matter will be at large and open to a new contention unless extrinsic evidence be given to show the precise point involved and determined. If, upon the facts of the record, anything is left to conjecture as to what was involved and decided, there is no estoppel when it is pleaded and nothing conclusive when it is offered in evidence.

I respectfully submit to the court that the evidence in this cause fails to measure up to the above requirement, and that it is as a consequence not shown that appellant is estopped from maintaining this suit because of any former adjudication of the same matters, and that this cause should be reversed.

*Foy & Banks,* for appellee.

We submit that a statement of the facts is the brief itself. Halsey was to pay Gibbs in cotton, and he de-

livered the cotton to Gibbs which amounted to three hundred and nine dollars and ninety-five cents, and that was a full and complete payment of the notes, and that the notes were delivered to him and that he should have them then and there destroyed, but instead, he delivered or permitted Day to come in possession of them after they had been fully paid and settled and that Day well knew this, and that it is absurd for him to contend that he is an assignee of the notes from the maker as assignor; that the amount paid on the notes, viz., three hundred and nine dollars and ninety-five cents was the proceeds of the cotton Halsey had made and applied to the payment of the notes; the fact that Halsey owed, or might have owed, Day for supplies would not enable Day to have taken Gibbs' cotton and applied it to Halsey's indebtedness to him, and if Day had bought the cotton from Halsey he payed Gibbs for it and he, Biggs, would have been a fool, and worse, if he had sold the notes to Day instead of collecting them and had assigned a vendor's lien against his land that would have come up against him later on. That is worse than an army who fails to burn the bridge behind it. No sane man when he collects a note is going to turn around and assign it and thereby create and assume a liability against himself and property to come up against him later. We submit that appellant has no standing on this contention.

We further submit, that the whole matter sought to be adjudicated here was adjudicated in the other case referred to. (A) That the same parties were present or should have been present in that cause that are present in this cause; (B) That the same testimony was offered, or should have been offered, that was offered in this cause; (C) That the same subject-matter was litigated, or should have been litigated, in that cause that were litigated in this cause.

Therefore the able chancellor was correct in deciding that appellant was estopped from further litigating this matter due to former adjudication of the same subject.

We further call the court's attention to the fact that the chancellor tried this cause in the lower court on oral testimony, that the witnesses were before him and he saw and heard them testify and his decision was based on proven facts and this court will be cautious in disturbing such a finding.

This is the second long litigation Gibbs has been put to on these two notes. We think he should go hence, without further day in court.

Etheridge, J., delivered the opinion of the court.

R. H. Day, the complainant, filed his bill in the chancery court of Newton county to enforce a vendor's lien evidenced by cotton notes in which Sam Halsey agreed to pay to Henry Gibbs, or bearer, three bales of middling cotton weighing five hundred pounds each, which he claimed to have purchased from H. E. Gibbs. It appears that Gibbs deeded Halsey certain lands in Newton county and took six promissory notes for three bales of cotton each, one note to be paid annually through each of the six-year periods. Halsey gave a deed of trust to Day upon crops grown upon the land which he bought from Gibbs, and turned over certain cotton to Day on said account. On the 17th day of November, 1910, Gibbs demanded the cotton of Day which he had bought from Halsey, but Day refused to turn over the cotton or to pay the value thereof unless the claim of one Robinson, who held a lien upon the land prior to its sale to Halsey, which lien was evidenced by the note of Gibbs, was satisfied. Robinson was sent for and agreed with Gibbs and Day that the value of the cotton, three hundred and nine dollars and ninety-five cents, be paid to him in discharge of

his claim against the land, and thereupon Day gave his check, payable to Robinson, for three hundred and nine dollars and ninety-five cents, and Gibbs delivered to Day the notes payable to bearer, due November 1, 1906, and November 1, 1910, for three bales of cotton each, but did not indorse the notes in writing. Thereafter Gibbs repurchased the land from Halsey and refused to pay the amount of the two notes in question, whereupon this suit was brought. The appellees, who were defendants below, defended. upon the theory that the notes were merely paid by Day and that it was not the intention to assign the notes. It also pleaded a plea of *res adjudicata* alleging that the matter had been settled in a suit between R. H. Day Company and Halsey theretofore decided in the chancery court of Newton county. On the hearing both Gibbs and Robinson testified that Day would not turn over the cotton or pay the value of the cotton unless he had Robinson's signature. It was also shown that Day contended that he was not liable for the three bales of cotton due on the note of November 1, 1909, and that he would not satisfy the matter until Robinson came down and his rights were satisfied.

We think there was no merit in the pleas of *res adjudicata,* for the reason that R. H. Day Company was a corporation and the present suit is by an individual. It also appears that these notes were not involved in that suit, but that that was a suit to foreclose a deed of trust given by Halsey to Day; there being both a failure of identity of parties and of the subject-matter shown by this record. From a careful consideration of the evidence in the case, we think that it is manifest that, when Day gave the check to Robinson in satisfaction of this matter and the notes were turned over to Day, it was intended that Day should have the right to be subrogated to the rights of Gibbs against Halsey and the vendor's lien rights against the land.

Our anti-commercial statute, Code of 1906, section 4001, Hemingway's Code, section 2564, makes notes or other writings for the payment of money or other thing assignable, and provides in its concluding paragraph that the assignee of the claim for the purchase money of land may enforce the vendor's lien as the vendor could.

The suit being in a court of equity, it was not necessary to make Gibbs a usee plaintiff or that the assignment be in writing, but the action could be brought in equity in the name of Day. Judgment of the learned court below is, accordlingly, reversed and remanded, with directions to enter a decree for the sale of the lands to satisfy the notes held by Day, but without personal liability against Gibbs, but a personal judgment should be entered against the other defendant Halsey.

*Reversed and remanded.*